UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:24-CV-60763-LEIBOWITZ/AUGUSTIN-BIRCH

JACOB ANTHONY GORMAN,

    Plaintiff,

v.

STEALTH CONSTRUCTION US, INC., *et al.*,

    Defendants.

_____/

**REPORT AND RECOMMENDATION ON
<u>PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT</u>**

    This cause comes before the Court on Plaintiff Jacob Anthony Gorman's Motion for Default Judgment. DE 14. The Honorable David S. Leibowitz, United States District Judge, referred the Motion to the undersigned United States Magistrate Judge for a report and recommendation. DE 15. After reviewing the Motion and the accompanying affidavit, the Court determined that an amended affidavit was necessary for Plaintiff to either correct his mathematical calculations or explain in greater detail for the Court how he calculated his damages. DE 16. Plaintiff eventually submitted an amended affidavit. DE 22-1. Having carefully considered the Motion, the record, and Plaintiff's amended affidavit and being otherwise fully advised in the premises, the Court **RECOMMENDS GRANTING IN PART AND DENYING IN PART** Plaintiff's Motion for Default Judgment [DE 14].

**I. Background**

    In his Complaint, Plaintiff alleges that Defendant Stealth Construction US, Inc. is a construction business and that Defendant Michael Edward Bellefeuille is the owner and/or manager of the business. DE 1 ¶¶ 9–10. Plaintiff further alleges that he worked for Defendants as

a "working foreman" and that they knowingly and willfully failed to pay him minimum and overtime wages to which he was legally entitled. *Id.* ¶¶ 11–14. As such, Plaintiff seeks $109,367.14—comprised of $11,020.71 in unpaid minimum wages, $43,662.86 in unpaid overtime wages, and $54,683.57 in liquidated damages—from Defendants under the Fair Labor Standards Act ("FLSA"). *See id.* at 2–3; *see also* DE 1-3 (statement of claim).

Despite being served, *see* DE 8, DE 9, Defendants failed to respond to the Complaint. Plaintiff subsequently moved for entry of a clerk's default, DE 10, and the Clerk's Office entered a default for both Defendants. DE 12. Thereafter, Plaintiff filed the present Motion for Default Judgment. DE 14. Defendants have not responded to the Motion, and the time for them to do so has passed.

## II. Liability

"When a defendant has failed to plead or defend, a district court may enter judgment by default." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244 (11th Cir. 2015). "While a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact, he is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Id.* at 1245 (alteration and quotation marks omitted). "Entry of default judgment is only warranted when there is a sufficient basis in the pleading for the judgment entered." *Id.* (quotation marks omitted). That is to say, a complaint must be able to survive a motion to dismiss for failure to state a claim in order for the plaintiff to obtain a default judgment. *Id.* ("[W]e have subsequently interpreted the [sufficient basis] standard as being akin to that necessary to survive a motion to dismiss for failure to state a claim."); *see also Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997) ("[A] default judgment cannot stand on a complaint that fails to state a claim.").

To establish a claim for unpaid minimum and overtime wages under the FLSA, Plaintiff must demonstrate that: (1) Defendants employed him, (2) either he was engaged in interstate

2

commerce or Defendants were an enterprise engaged in interstate commerce, and (3) he was not paid minimum and overtime wages. *See, e.g.*, *Moore v. King Game, Inc.*, No. 19-21391-CIV, 2021 WL 4295400, at *2 (S.D. Fla. Feb. 24, 2021), *report and recommendation adopted*, No. 19-21391-CIV, 2021 WL 4290870 (S.D. Fla. Sept. 21, 2021); *Wallace v. The Kiwi Grp., Inc.,* 247 F.R.D. 679, 682 (M.D. Fla. 2008); *Harding-bey v. Pathways Therapy Servs., LLC*, No. 6:20-CV-1110-ACC-LRH, 2021 WL 1894603, at *3 (M.D. Fla. Apr. 20, 2021), *report and recommendation adopted*, No. 6:20-CV-1110-ACC-LRH, 2021 WL 1893968 (M.D. Fla. May 11, 2021). The Complaint meets each of these requirements.

Specifically, by their default, Defendants have admitted the following well-pled allegations in the Complaint. First, Plaintiff alleges that Defendants were his employers and that Defendant Bellefeuille had operational control over Defendant Stealth Construction, DE 1 ¶¶ 2, 9, 11, which makes Defendant Bellefeuille jointly and severally liable under the FLSA. *See Wallace*, 247 F.R.D. at 682 (explaining that a corporate officer with operational control of a corporation is an employer along with the corporation and is jointly and severally liable for any FLSA violations). Second, Plaintiff avers that enterprise coverage exists on account of Defendant Stealth Construction having over $500,000 in gross sales or business generated and employees who handle, sell, or otherwise work on goods or materials that were moved in or produced for commerce, such as computers, phones, pens, and paper.[1] DE 1 ¶¶ 4–6; s*ee Polycarpe v. E&S*

---

[1] Although Plaintiff only alleged, upon information and belief, that Defendant Stealth Construction generated over $500,000 in gross revenue annually, such an allegation is sufficient to survive a motion to dismiss. *See, e.g.*, *West v. Aventura Limousine & Transp. Serv., Inc.*, No. 12-21685-CIV, 2012 WL 3516507, at *2 (S.D. Fla. Aug. 14, 2012) ("Plaintiff's allegation 'upon information and belief' that 'the annual gross revenue of Defendants was in excess of $5,000,00.00 [sic] per annum,' is sufficient at this stage of the proceedings to establish enterprise coverage."); *Roberts v. Caballero & Castellanos, PL*, No. 09-23131-CIV, 2010 WL 114001, at *3 (S.D. Fla. Jan. 11, 2010) (finding information and belief allegation about gross revenue of defendants sufficient for plaintiff to demonstrate enterprise coverage and noting that the issue of defendants' gross sales "are issues more appropriately determined at the summary judgment stage"); *Ceant v. Aventura Limousine & Transp. Serv., Inc.*, 874 F. Supp. 2d 1373, 1378 (S.D. Fla. 2012) ("The Court also rejects Defendants' call for more particular allegations as to the $500,000 gross annual revenue requirement for enterprise coverage. . . . Plainly, [plaintiff] need not know for certain, nor prove, that [defendant] has annual gross revenues exceeding $500,000 at the pleading stage, especially since that information is likely in Defendants' hands, not his.").

*Landscaping Serv., Inc.*, 616 F.3d 1217, 1220 (11th Cir. 2010) ("An employer falls under the enterprise coverage section of the FLSA if it 1) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and 2) has at least $500,000 of annual gross volume of sales made or business done." (quotation marks omitted)); *see, e.g.*, Certain v. Van Horst Gen. Contractors, LLC., No. 20-60395-CIV, 2020 WL 10618316, at *2 (S.D. Fla. Apr. 10, 2020) ("Plaintiffs' allegation that Defendant had two (2) or more employees handling or otherwise working with telephones, computers and other office supplies and materials that had been moved in commerce, which were used directly in furtherance of Defendant's commercial activity of construction is adequate at the pleading stage for the first prong of enterprise coverage." (citation omitted)); *Sims v. UNATION, LLC*, 292 F. Supp. 3d 1286, 1293 (M.D. Fla. 2018) (concluding that plaintiff's enterprise coverage claim—which alleged that defendant's employees used tools and equipment including computers, pens, and paper that were moved in or produced for commerce—was sufficient to survive motion to dismiss). Plaintiff also alleges that individual coverage exists under the FLSA due to him engaging in interstate commerce by ordering and receiving shipments of materials from out of state on a regular and reoccurring basis. DE 1 ¶¶ 7–8; *see Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011) (explaining that "an employee may claim individual coverage if he regularly and directly participates in the actual movement of persons or things in interstate commerce" (alteration and quotation marks omitted)). Lastly, Plaintiff asserts that Defendants failed to pay him minimum and overtime wages. DE 1 ¶¶ 12–14. Accordingly, the Court finds that Plaintiff has established Defendants' liability for the violations of the FLSA that he pleads.

### III. Damages

"Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default. Rather, the Court determines the amount and character of damages to be awarded." *Atl. Corp. of Wilmington, Inc. v. TBG Tech Co. LLC*, No. 21-24317-CIV, 2022 WL 18495887, at *5 (S.D. Fla. Feb. 18, 2022) (quotation marks omitted). In making a damages determination, a court need not hold an evidentiary hearing to ascertain damages when all of the essential evidence is already in the record. *S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.12 (11th Cir. 2005). "In other words, a court may award damages as long as the record contains evidence allowing the court to ascertain damages from mathematical calculations and detailed affidavits." *Haliburton v. MGMerk Stocking Inc.*, No. 2:19-CV-14261-KMM, 2020 WL 13369448, at *2 (S.D. Fla. Apr. 1, 2020) (quotation marks omitted).

Here, after reviewing Plaintiff's initial affidavit, the Court determined that an amended affidavit was required for Plaintiff to either correct or explain in greater detail his mathematical calculations due to the apparent mathematical errors in the affidavit. DE 16. Plaintiff has submitted an amended affidavit that corrects the apparent mathematical errors. *See* DE 22-1. With the amended affidavit, the Court can make its damages determination.

Starting with Plaintiff's unpaid minimum wages, Plaintiff worked a total of 1,096.96 hours where he did not receive payment at a minimum wage rate. For these 1,096.96 hours, Plaintiff claims he only received $2,144.73 in wages. *See id.* at 2 (claiming an average weekly pay of $125.13 for 17.14 weeks, which equates to $2,144.73 for those weeks). Plaintiff, however, calculates his unpaid minimum wage damages utilizing Florida's minimum wage of $12 per hour. *See id.*; DE 14 at 2 ("Under the FLSA, Gorman's minimum wage claim is compensated at Florida's minimum wage rate."). But Plaintiff has only brought an FLSA claim against Defendants for his unpaid minimum wages. DE 1. As such, Plaintiff can only recover the federal minimum wage of

$7.25 per hour. *See* 29 U.S.C. § 216(b) ("Any employer who violates the provisions of section 206 . . . shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages."); 29 U.S.C. § 206(a)(1)(C) (establishing $7.25 as the federal minimum wage); *see also Sevares v. Am. Pipeline Constr., LLC*, No. 22-CV-21233, 2023 WL 3871524, at *7 (S.D. Fla. Feb. 28, 2023) ("Under the FLSA, Plaintiff is only entitled to recover unpaid minimum wages. The FLSA does not provide a basis for recovery of the agreed upon hourly rate of pay in excess of the [federal] minimum wage." (citation omitted)), *report and recommendation adopted*, No. 1:22-CV-21233-KMM, 2023 WL 3191256 (S.D. Fla. May 2, 2023); *Bonich v. NAS Component Maint., Inc.*, No. 20-21582-CIV, 2020 WL 3000187, at *2 (S.D. Fla. June 4, 2020) ("The Fair Labor Standards Act only entitles Plaintiff to the federal minimum wage."); *Cloer v. Green Mountain Specialties Corp*, No. 618CV999ORL40LRH, 2019 WL 13063434, at *7 (M.D. Fla. Oct. 2, 2019) ("Because Plaintiffs are proceeding under the FLSA to recover unpaid minimum wages, I recommend that the Court find that the federal minimum wage of $7.25 per hour applies to these claims."); *Ical v. Neljosh Remodeling, Inc.*, No. 3:22CV23704-MCR-ZCB, 2024 WL 2703757, at *4 (N.D. Fla. Feb. 5, 2024) ("[A]lthough the FLSA does not excuse non-compliance with the higher state law minimum wage, it also does not dictate that the state's law becomes the federal standard for calculating damages when only a federal FLSA claim is asserted."). Accordingly, the Court recommends awarding Plaintiff $5,808.23 in unpaid minimum wages (64 hours per week x 17.14 weeks x $7.25 = $7,952.96 – wages of $2,144.73 paid for those weeks = $5,808.23 in unpaid minimum wages).

As for Plaintiff's unpaid overtime wages, Plaintiff worked a total of 2,633.04 hours of overtime without receiving proper overtime compensation. DE 22-1. Under the FLSA, an employee is entitled to compensation at one and one-half times the employee's regular rate for any

6

hours worked in excess of forty hours per week. 29 U.S.C. § 207(a)(1). Since Plaintiff's regular hourly rate was $28.13, DE 22-1, Plaintiff is entitled to $42.19 per hour for the hours he worked in excess of forty hours per week. However, as Plaintiff's amended affidavit demonstrates, he was paid his regular hourly rate for the overtime hours he worked for all time periods at issue except for the time period of November 11, 2023, through March 9, 2024. *See id.* Thus, Plaintiff is only entitled to a half-rate of $14.06 for the 2,221.68 overtime hours he worked during those periods to account for the difference between Plaintiff's overtime rate and his regular hourly rate ($42.19 – $28.13 = $14.06). As for the time period of November 11, 2023, through March 9, 2024, Plaintiff is only entitled to an overtime rate of $34.94, which accounts for the difference between Plaintiff's overtime rate and the federal minimum hourly rate that the Court has already recommended Plaintiff be awarded for those 411.36 hours of overtime ($42.19 – $7.25 = $34.94). Accordingly, the Court recommends awarding Plaintiff $45,609.74 in unpaid overtime wages (2,221.68 hours x $14.06 + 411.36 hours x $34.94 = $45,609.74).

Lastly, regarding his claim for liquidated damages, Plaintiff is entitled to liquidated damages on account of Defendants' failure to refute his allegation that they knowingly and willfully refused to pay him his minimum and overtime wages. DE 1 ¶¶ 12–14; *Haliburton*, 2020 WL 13369450, at *2 (awarding plaintiff liquidated damages on default judgment for FLSA claim where defaulting defendants failed to meet their burden of demonstrating that liquidated damages were not warranted); *Pena v. Best Wholesale Grocers, LLC*, No. 23-CV-61116-RAR, 2023 WL 5095492, at *2 (S.D. Fla. Aug. 9, 2023) (explaining that plaintiff is entitled to liquidated damages when a defaulting employer fails to meet its burden of demonstrating that liquidated damages are not warranted). Accordingly, the Court recommends awarding Plaintiff $51,417.97 in liquidated damages ($5,808.23 in unpaid minimum wages + $45,609.74 in unpaid overtime wages = $51,417.97 in liquidated damages). *See Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.3d 1259,

7

1272 (11th Cir. 2008) ("Under the FLSA a district court generally must award a plaintiff liquidated damages that are equal in amount to actual damages.").

## IV. Recommendation

For the foregoing reasons, the Court **RECOMMENDS GRANTING IN PART AND DENYING IN PART** Plaintiff's Motion for Default Judgment [DE 14] and awarding Plaintiff $102,835.94 in damages.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 5th day of February, 2025.

_____
PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE